IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MARCO P. PAREJA and VIVIAN P. PAREJA,<br><br>                      Plaintiffs,<br><br>     vs.<br><br>F. RANDALL CUNLIFFE, Administrator for the Estate of CHIA-MING SHEN, Deceased, and SHI-MING SHEN, Deceased,<br><br>                      Defendant. | Superior Court Case No. <u>CV1196-18</u><br><br><br>**DECISION AND ORDER RE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

In this partition action, the Court here considers the Motion for Partial Summary Judgment filed by Plaintiffs Marco P. Pareja and Vivian P. Pareja. Having considered the various issues raised by the Parejas as well as the governing statutes, the Court GRANTS IN PART and DENIES IN PART the Motion.

## I.    <u>UNDISPUTED FACTS</u>

1. Marco and Defendant Chia-Ming Shen entered into an Investment Owners Contract and Joint Venture Agreement ("JVA") regarding their joint ownership of Lot 8-2, Tract 284, Dededo ("Parcel I"). The JVA has three basic terms:

   a. "Total construction cost of the residential building, including labor and materials will be OWNED and PROVIDED BY Chia Ming Shen = 100 percent." V. Compl., Ex. A.

   b. Marco will provide design plans and coordinate and oversee the construction of the project to completion. *Id.*

ORIGINAL

c.  "The net profit shall be distributed after all the costs of the property, residential

building and construction, and other miscellaneous costs;

Chia Ming Shen owns = ⅔ **percent (approximately 67%)**

Marco Palomar Pareja owns = ⅓ **percent (approximately 33%)."** *Id.*

5.  Marco and Chia-Ming jointly own Lot 8-3, Tract 284, Dededo ("Parcel II") as tenants in

common. V. Compl., Ex. B.

6.  Chia-Ming holds a 75% interest in Lot 2-3, Tract 1033, Dededo ("Parcel III"). Marco

and Vivian jointly hold the remaining 25% in undivided interests as tenants in common.

V. Compl., Ex. C.

7.  There is no joint venture agreement or written partnership agreement with respect to

Parcel II or III.

8.  Chia-Ming has passed away. F.Randall Cunliffe is the Administrator of his Estate. V.

Compl., ¶ 4; Answer ¶ 1.

## II.  **LAW AND DISCUSSION**

### A.  **Summary Judgment Standard**

A court may grant summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." GRCP 56(c). A genuine issue of fact exists when "there is 'sufficient evidence'

which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v.*

*Kawasho Int'l (Guam), Inc.,* 1997 Guam 10 ¶ 7 (citing *T.W. Elec. Serv., Inc. v. Pacific Elec.*

*Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987)). "A 'material' fact is one that is relevant

ORIGINAL

to an element of a claim or defense and whose existence might affect the outcome of the suit...Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Iizuka Corp.*, 1997 Guam 10 ¶ 7. "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7. "The Court must view the evidence and draw inferences in the light most favorable to the non-movant." *Id.*

## B. <u>Whether Defendants' interests in all three parcels is community property.</u>

The Parejas argue that the Chia-Ming was married to Defendant Shi-Ming Shen, and that Chia-Ming Shen's interest in the three parcels is community property. Cunliffe does not raise any disputed issue of fact as to Chia-Ming's marital status or the community property condition of the three parcels. The Court also takes judicial notice of Cunliffe's Petition for Letters of Administration for the Shens' estates which states that they were married. PR0159-18 (Pet'n, Sept. 17, 2018). Cunliffe has also filed a Probate Inventory which includes all three lots under the Shens' names. PR0159-18 (Inventory and Appraisement, Oct. 2, 2019).

There being no evidence to the contrary, the Court holds as a matter of law that the Shens' interest in the three parcels qualifies as community property.

## C. <u>Whether the Parejas are entitled to a partitioning as a matter of law.</u>

Guam law permits a co-owner to bring a partition action or permits a co-owner to sell a property if partition cannot be conducted without great prejudice to the owners. 7 GCA §§ 24401, 24402. The Parejas seek to partition the three parcels in their capacities as co-owners. While Cunliffe's Answer asked that the partition be denied due to prejudice to the Shens'


ORIGINAL

Estates, his Opposition to the Motion for Partial Summary Judgment did not respond to Parejas' argument that they are entitled to file this action. The Court concludes that it is undisputed that Marco has an interest in all three parcels, and Vivian has an interest in the third parcel, thereby granting them the authority to seek partition of or to sell off the respective properties. Because the Parejas have undisputed standing to file this action to partition the three subject parcels, the Court GRANTS summary judgment on this issue.

### D. Whether the proceeds from the sale of Parcel I are governed by the written JVA.

This proposition is undisputed. Marco asks that the JVA govern the wind up and allocation of proceeds from the sale of Parcel I. Cunliffe does not argue to the contrary, though he asks that the Shen Estate be compensated for the increased value to the property.

There is therefore no genuine issue of material fact that the distribution of Parcel I's proceeds shall be governed by the JVA.

### E. Whether there is a Joint Venture Agreement for Parcels II or III.

The Parejas claim that no JVA exists for Parcels II or III. Cunliffe has not provided evidence to the contrary. The Court therefore rules as a matter of law that there is no JVA governing the parties' agreement over the ownership or handling of Parcels II or III.

### F. Whether the net proceeds after deducting liabilities from the sale of Parcels II and III should be divided equally as a matter of law.

The parties present competing positions on how to credit expenses and distribute profits for Parcels II and III. First, the Parejas claim that as to Parcels II and III, the parties engaged in a partnership. A partnership forms when two or more persons carry on a business for profit. 18 GCA § 25201. However, the existence of a tenancy in common--which describes the present


ORIGINAL

parties' ownership for Parcels II and III--does not automatically establish a partnership. 18 GCA § 25202.

In any event, the Parejas assert that either through partnership or partnership by estoppel, Guam's law governing wind ups of partnerships must be followed. The Parejas ask that each partner receive a proportionate share of the proceeds in like proportion to their share of ownership. For Lot II, Marco would receive 50% of the property sale's profits and Chia-Ming's estate will receive 50%. For Lot III, Marco and Vivian will jointly receive 25% of the profits and Chia-Ming's estate will receive 75%.

Having not submitted any declarations regarding the nature of an alleged partnership or a partnership by estoppel, the Parejas fall short of meeting Rule 56's obligation that a movant provide undisputed, material facts. GRCP 56(c). Notably, Cunliffe also does not provide any evidence supporting or disputing the existence of a partnership. Cunliffe does disagree that Guam's partnership law governs the crediting of expenses. Cunliffe argues that instead, Chia-Ming's Estate should be compensated for the increased value to the property based on the Chia-Ming's construction.

As to Cunliffe's suggestion, Guam's partition law appears to supports this pre-partition sale concept: "the value of the improvements made by the tenants in common must be excluded from the valuation in making the allotments, and the land must be valued without regard to such improvements, in case the same can be done without material injury to the rights and interests of the other tenants in common owning such land." 7 GCA § 24414. In other words, under this scenario, the value to be divided among the cotenants in common excludes any improvements made by a particular tenant. As California courts have explained, equity supports this rule: "a


ORIGINAL

court of equity is required to take into account the improvements which another cotenant, at his own cost in good faith, placed on the property which enhanced its value." *Wallace v. Daley*, 270 Cal. Rptr. 85, 90 (Cal. App. 1990).

A distribution under a partnership arrangement may differ. Typically, a partnership agreement dictates the reimbursement of improvements or the compensation for a valuation increase resulting from the contribution of a partner's separate property. Absent such provisions, under Guam's partnership law, partners "share equally in the profits," with each partner to be "repaid his contributions,[1] whether by way of capital or advances to the partnership property." 18 GCA § 25401(a). A partner may also be paid for any "payment or advance beyond the amount of the capital which he agreed to contribute," with interest. 18 GCA § 25401(c). At present, neither party has established whether the parties made any partnership agreements on these issues, or to what extent any party provided contributions or advances and if Chia-Ming's efforts should be considered as such.

In any event, the seminal question for trial remains whether the parties created a partnership. If they did, the Court cannot disregard the partnership statute and will partition Parcels II and III and distribute the proceeds first with respect to partnership law. But if the Court fails to find a partnership, it will instead reference the distribution scheme under Guam's partition law.

Finally, the Court addresses the Parejas' claim that a partnership by estoppel has been formed. This arrangement occurs when at least one party represents to a third party that a partnership exists. 18 GCA § 25308. In those instances, the purported partner is liable to a third

---

[1] Generally a "contribution is a benefit provided to a limited partnership by a person in order to become a partner or in the person's capacity as a partner." 9 Witkin, Summary 11th Partnership § 94 (2019).

ORIGINAL

party. This doctrine does not appear applicable here as no third parties are involved. Nor does the partnership by estoppel doctrine create a partnership based on the beliefs of one party that a purported partnership exists.

### G. Entitlement to Attorney's Fees.

Guam law permits the "costs of partition, including reasonable counsel fees, expended by the plaintiff or any of the defendants, for the common benefit, fees of referees, and other disbursements, must be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein." 7 GCA § 24445. Both parties seek an award of attorney's fees. The Court will award the costs of partition, including reasonable attorney's fees, for the common benefit of all owners in proportion to their respective interests, as permitted under section 24445. Any specific award is premature at this time.

## III. CONCLUSION

The Court GRANTS IN PART and DENIES IN PART the Parejas' Motion for Partial Summary Judgment. The Court finds the following to be established:

1. The Shens held their interest in all three parcels as community property.

2. The Parejas are entitled to seek partition of the parcels.

3. Parcel I--and the partition of Parcel I--is governed by the written JVA.

4. There is no Joint Venture Agreement for Parcels II or III.

The following issues, among others not raised by the Motion, remain for trial:

1. Whether the Parejas and Chia-Ming entered into a partnership over Parcels II or III.

2. Whether any party is entitled to their attorney's fees.

ORIGINAL

SO ORDERED this 13th day of March 2020.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

Date:

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Gary W. F. Gumataotao, Esq., Law Offices of Gumataotao & Pole, for Plaintiffs
F. Randall Cunliffe, Esq., Law Offices of Cunliffe & Cook, for Defendant

ORIGINAL